IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brenda Diane Wells, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:12-1330-TMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Carolyn W. Colvin, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant.[1] | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that this court affirm the Commissioner's decision. (ECF No. 20).[2] Plaintiff timely filed objections to the Report (ECF No. 21), and the Commissioner filed a response to Plaintiff's objections (ECF No. 24). For the reasons set forth below, the court adopts the Report, and affirms the decision of the Commissioner.

**I. Procedural Background**

On July 30, 2010, Plaintiff filed an application for DIB due to mild osteoarthritis, migraines,

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action

[2]In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.

and degenerative joint disease of the lumbar spine with an alleged disability onset date of January 31, 2009. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing and on March 23, 2012, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act. Plaintiff sought review of her case by the Appeals Council, which was denied. Plaintiff filed this action on May 21, 2012. In her Report, the magistrate judge to whom this matter was referred recommended that the Commissioner's decision be affirmed.

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the

Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

### III. Discussion

The magistrate judge recommends that the court affirm the ALJ's decision because it is supported by substantial evidence. Plaintiff raises two objections to the magistrate judge's report. She objects to the magistrate judge findings that the ALJ's determinations regarding residual functioning capacity and credibility were supported by substantial evidence.

#### A. Residual Functional Capacity

Plaintiff contends the magistrate judge erred in finding the ALJ properly assessed her residual functional capacity ("RFC"). (Objections at 1-2). Specifically, she contends the magistrate judge erred by finding that the ALJ's decision is supported by substantial evidence while also stating that the ALJ overstated the relevance of certain records and cherry-picked other evidence. *Id.* at 2. Plaintiff contends that "the court cannot determine if there is substantial evidence to support the ALJ's decision if the court finds that the ALJ cherry picked evidence." *Id.* The so-called cherry-picking of evidence by the ALJ "can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). The magistrate judge properly

reviewed the entire record in making her determination. Even assuming there is evidence in the record to support Plaintiff's argument, there is also substantial evidence in the record to support the ALJ's assessment of Plaintiff's RFC, which is all that is required.

### B. Credibility

Plaintiff also contends the ALJ erred in finding the ALJ properly assessed her credibility by failing to consider the record as a whole. (Objections 5). Specifically, she contends that the magistrate judge erred in finding that any mischaracterizations or oversights were harmless based on the ALJ's overall analysis. (Objections 5-6). She contends that she has identified oversights in multiple areas, not just one or two. *Id.* at 6.

To the extent Plaintiff argues that additional evidence weighs against the ALJ's credibility finding, the argument is unavailing because it is not within the court's province to weigh conflicting evidence. *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1986)(stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973)(holding even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence). Reviewing the report, the court agrees with the magistrate judge and finds that the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence.

### IV. Conclusion

After carefully reviewing the record, the court finds that the magistrate judge's recommended

disposition is correct in this case and Plaintiff's objections are overruled. Accordingly, the court adopts the report and affirms the ALJ's decision.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 3, 2013
Anderson, South Carolina

5